13-3337
Contreras v. Perimenis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fourteen.

PRESENT:
> AMALYA L. KEARSE,
> DENNIS JACOBS,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

Olga P. Contreras,

> *Plaintiff-Appellant*,

v.                                                                          13-3337

Georgette Perimenis, Jill Edgar, Doctor, Magdalena Castro, Brianne White, Hensley Flash,

> *Defendants-Appellees*.

_____

**FOR APPELLANT:**    Olga P. Contreras, *pro se*, Greenwich, CT

**FOR APPELLEES:**    Zenobia G. Graham-Days, <u>for</u> George Jepsen, Attorney General of the State of Connecticut, Hartford, CT, <u>on behalf of</u> Georgette Perimenis.

Jonathan B. Orleans (Nathaniel J. Gentile, <u>on the brief</u>), Pullman & Comley LLC, Bridgeport, CT, <u>on behalf of</u> Jill Edgar.

John E. Tucker (Benjamin Zivyon, on the brief), for George Jepsen, Attorney General of the State of Connecticut, Hartford, CT, on behalf of Magdalena Castro, Brianne White, and Hensley Flash.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Olga P. Contreras, *pro se*, appeals from the district court's judgment dismissing her amended complaint against the Appellees. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or 28 U.S.C. § 1915(e)(2). *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997); *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

While all complaints must contain sufficient factual allegations to meet the plausibility standard, we look for such allegations in *pro se* complaints by reading them with "special solicitude" and interpreting them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per

curiam) (internal quotation marks and emphasis omitted).  In addition to the requirement that *pro se* complaints be liberally construed, district courts should generally not dismiss them without granting the plaintiff leave to amend at least once.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  A district court may deny leave to amend, though, when such an amendment would be futile.  *See Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999).  We review the denial of leave to amend for abuse of discretion.  *See id.* at 70.

Having conducted an independent and *de novo* review of the record in light of these principles, we conclude that the district court properly dismissed Contreras's amended complaint for failure to state a claim against any defendant.  To the extent that Contreras asks us simply to reverse the finding of the state court that she neglected her child, we simply lack the jurisdiction to review a state court judgment of this kind.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  To the extent she seeks other relief, her conclusory allegations of intentional discrimination on the basis of national origin are insufficient to state a plausible claim for relief.

Moreover, the district court properly concluded that Assistant Attorney General Hensley Flash was entitled to absolute immunity because he was sued in his capacity as a government advocate prosecuting child welfare cases.  *See Walden v. Wishengrad*, 745 F.2d 149, 152 (2d Cir. 1984) (extending absolute immunity to of government attorneys initiating and prosecuting child protection litigation).  The district court further did not abuse its discretion in denying Contreras leave to amend her complaint for a second time, as amendment would have been futile.

For the foregoing reasons, and finding no merit in Contreras's arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk